IN THE SUPREME COURT OF THE STATE OF DELAWARE

MALIK NASIR, §
 §
    Petitioner Below, § No. 207, 2024
    Appellant, §
 § Court Below: Superior Court
    v. § of the State of Delaware
 §
STATE OF DELAWARE, § C.A. No. K16M-03-005
 §
    Respondent Below, §
    Appellee. §

Submitted: December 27, 2024
Decided: February 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order dated May 14, 2024, adopting the Commissioner's decision dated December 6, 2023. As the Superior Court concluded, the fact that law enforcement authorities elected to pursue criminal charges against Nasir in federal court rather than in state court did not preclude forfeiture under 16 *Del. C.* § 4784.[1] After Nasir presented the

---

[1] *See* DEL. SUPER. CT. R. CIV. PROC. 71.3(f)(2) ("An acquittal or dismissal in a criminal proceeding does not preclude civil proceedings under this Rule."); *In re $13,584.00 in U.S. Currency*, 2018 WL 6839753, at *3 (Del. Super. Ct. Dec. 28, 2018) ("[A]n acquittal or dismissal of charges in a criminal proceeding does not preclude civil proceedings pursuant to Superior Court Civil Rule 71.3."), *appeal dismissed*, *Crippen v. State*, 2019 WL 1473949 (Del. Apr. 2, 2019).

evidence of his lawful income, the State agreed to return the $20,762.43 seized from his Dover Federal Credit Union account. We find no clear error in the Superior Court's determination that Nasir did not meet his burden of showing that the jewelry and five bundles of $1,000 were not subject to forfeiture.[2]

NOW, THEREFORE, IT IS ORDERED, that the Superior Court's judgment is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[2] *See Brown v. State*, 214 A.3d 922, 926 (Del. 2019) ("We will uphold the Superior Court's decision that Brown's property was subject to forfeiture unless we find that the decision was clearly erroneous."); *id.* at 926-27 (stating that after the State establishes probable cause that property is subject to forfeiture, the burden shifts to the petitioner to show by a preponderance of the evidence that the property was unlawfully seized or not subject to forfeiture); *id.* at 930-31 (opining that there was probable cause for forfeiture of cash even without drug-testing results, based on "evidence of cocaine and heroin in places associated with Brown, testimony that drug dealers regularly store their drug proceeds in $1,000 stacks as the money was stored in the Millsboro safe deposit box, and Brown's convictions for drug dealing and money laundering").